STRATTON CHRISAFIDES, RESPONDENT, v. BRUNSWICK MOTOR COMPANY AND JOHN KNAUSS, APPELLANTS.

Submitted December 11, 1916—Decided March 5, 1917.

On appeal from the Supreme Court.

For the appellants, *William E. Holmwood.*

For the respondent, *Winfield S. Angleman.*

PER CURIAM.

The record here for review discloses that the appellants set out eleven grounds of appeal. Seven of these are based upon alleged refusal of the trial judge to charge the seven specific requests set out in the grounds of appeal. The record does not show that the court was asked to deal with any of the requests, nor does the record show that the court refused to charge the same, and that an objection was noted to such refusals.

Under *Kargman* v. *Carlo,* 85 *N. J. L.* 632, and *Miller* v. *Delaware Transportation Co., Id.* 700, these requests will not be considered.

Another ground of appeal is that the trial judge erred in denying appellants' motion for a nonsuit upon the opening made by the plaintiff's attorney. Although an objection was noted to the refusal of the court to nonsuit on that ground, the appellants' brief is silent upon the subject, and, therefore, it will be assumed that this ground of appeal has been abandoned.

A further ground of appeal is that the trial court refused to strike out the testimony of the plaintiff when he answered the question: "Q. Could he have seen you coming if he had looked?" "A. Oh, yes, he could." No objections appear to have been taken to the ruling of the court and, therefore, as already pointed out, the ruling will not be considered.

The only other ground of appeal is directed to this language used by the trial judge in his charge: "It is very difficult for me to feel that there was no negligence; a car coming along at a fair rate of speed, and turning a corner sharp, as he puts it, and a collision."

Counsel for appellants contends that this was an error, in that the court invaded the province of the jury by deciding a question of fact in issue. But this excerpt does not represent all that the trial judge said in this connection. For he, in continuation of what has just been quoted, said: "He looked while some distance down the street, but did not look apparently as he came closer to the corner. But it is for you to say from all the evidence whether this driver, Knauss, was negligent or whether he was not."

It was not error for the trial judge to give his opinion of the impression that the testimony made upon his mind so long as he left the decision of the questions of fact involved in the case to the jury. *Castner* v. *Sliker*, 33 *N. J. L.* 507; *State* v. *Hummer*, 73 *Id.* 714.

The judgment will be affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, GARRISON, SWAYZE, TRENCHARD, PARKER, BERGEN, MINTURN, KALISCH, BLACK, WHITE, HEPPENHEIMER, WILLIAMS, GARDNER, JJ. 14.

*For reversal*—None.